IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Case No.: 4:22CR00140-001

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | **MOTION FOR VARIANCE AND** |
| ) | **SENTENCING MEMORANDUM** |
| Mohammad R. Faraj ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    Now comes the defendant, Mohammad R. Faraj, by and through undersigned counsel, and moves this Court to impose a sentence below the recommended sentence guideline range after his 5K reduction is imposed by the Government. The Defendant believes this Court justified for such reduction pursuant to the provisions of 18 U.S.C. §3553(a), as applied to the circumstances surrounding this case.  Counsel for the Defendant wanted to make the Court aware of mitigating factors that are present as pertains to 18 U.S.C. §3553(a) factors. Specifically that Mr. Faraj is a non violent family owner who runs a successful legitimate business. Mr. Faraj also has a criminal history score of zero. Additionally, Mr. Faraj has already done two months in jail before being granted a bond by consent of the Government. . Mr Faraj was born in Jerusalem Israel and after moving to the United States in search of the American Dream the family suffered tragedy. Faraj's father was shot and killed when their family business was robbed and Faraj age 13 and his younger brother witnessed this horrific incident and his father being shot and killed.  After his father was murdered Faraj essentially raised himself and his siblings. He dropped out of school to work and take care of his family at

1

a very young age. Through hard work they have run successful convenience store businesses and it is not uncommon for him to work 15-20 hour days at his store. Faraj and his wife have four children and they are both heavily involved in their young children's lives. Faraj is a family man and would do anything for his loved ones, in fact he even donated a kidney to his ailing brother in 2009. Taking these circumstances into account we are requesting the Court impose a variance below the 5k reduction submitted by the Government.

During the course of this case the Defendant signed a proffer agreement with the U.S. Attorney's office and accepted responsibility by signing a plea agreement and pleading guilty to these instant charges before the Court. The Defendant not only signed a proffer agreement but also met with law enforcement officers and gave what the defense would submit as substantial assistance on multiple individuals.

## Considerations of 18 U.S.C. §3553(a)

Despite the recognition of the mandate of 18 U.S.C. §3553(a), this Circuit has held that properly calculated sentences under the guidelines are entitled to a presumption of reasonableness. United States v. Johnson, 445 F. 3rd 339, 345 (4th Cir. 2006). However, factors under §3553(a) may be present that rebut the presumption that a within guidelines sentence is reasonable. *Id.* Accordingly, the Court must consider all factors, even factors prohibited by the formerly mandated guidelines in determining the types of sentences that satisfy the sentencing mandate of §3553(a). Now that the guidelines are merely advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005), this Court has the ability and discretion to impose a punishment that satisfies the goals of sentencing, without having to defer to any mathematical equation set up in the guidelines. Accordingly, the Judge, after

considering §3553(a) factors (including the guidelines), has full discretion to impose a sentence within the statutory range.  *United States v. Hughes*, 396 F.3d 374, 377-78 (4th Cir. 2005).  Further, a Court's discretion to impose a statutory sentence outside of the guidelines is extremely broad and the resulting sentence will be upheld "as long as it is within the statutorily prescribed range and is reasonable."  *Hughes*, 396 F.3d at 378; see also *United States v. Iskander*, 407 F.3d 232 (4th Cir. 2005); *United States v. Pierce*, 409 F.3d 228 (4th Cir. 2005). In the instant case factors are clearly present that demonstrate a lower sentence is sufficient to achieve sentencing goals.

<u>Factors to be considered in imposing a sentence. 18 U.S.C. §3553(a)</u>

18 U.S.C. §3553(a) mandates: The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The Court in determining the particular sentence to be imposed, shall consider (1) the nature and circumstances of the offense and the history and characteristics of the Defendant.

First, as to promoting respect for the law, Mr. Faraj has demonstrated such qualifying respect for the law by pleading guilty, signing a proffer and giving what we submit was substantial assistance warranting a 5k. Mr. Faraj has also demonstrated respect for the law by being excellent on bond, attending all court dates, and having a criminal history category of zero in his lifetime.

Additionally, 18 U.S.C. §3553(a)(2)(B) states the Court shall impose a sentence that affords adequate deterrence to criminal conduct.  Seeing how the federal system works, the difficult conditions of his extended detention center incarceration and his cooperation with law enforcement has already been a deterrent to criminal conduct.

Fourth, 18 U.S.C. §3553(a)(2)(C) requires the sentence to protect the public from further crimes of the defendant. This is an isolated situation in which Mr. Faraj made bad mistakes. He has been incarcerated and protected the public by fully cooperating as to the situation and who was all involved. Additionally, Mr. Faraj will go from a criminal history score of zero to a convicted felon as a result of this case regardless of the sentence he receives. As to this factor Mr. Faraj specifically protected the public by cooperating with law enforcement and providing substantial information as to much larger individuals than him in illegal activity.

Fifth, 18 U.S.C. §3553(a)(2)(D) provides that the Court impose a sentence that will provide the defendant with needed educational, vocational, medical or other correctional treatment in the most effective manner. Mr. Faraj has a criminal history score of zero and provided substantial assistance to the Government. Society is served by him being able to provide for his children and continue to run a business that pay taxes and employs individuals. We submit each of the foregoing factors, do apply to Mr. Faraj when analyzed suggest a variance is in Order for Mr. Faraj.

Respectfully submitted,

s/Seth Rose_____
Seth Cole Rose #11034
1528 Blanding Street
Columbia, South Carolina 29201
seth@sethroselaw.com
803.851.4884
ATTORNEY FOR THE DEFENDANT

Columbia, South Carolina
April 16, 2023