IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:22-cr-00140-JD |
| | ) | |
| vs. | ) | |
| | ) | **MOTION FOR DOWNWARD** |
| **MOHAMMAD RIBHI FARRAJ** | ) | **DEPARTURE** |
| | ) | |

The United States, by and through its undersigned attorney, respectfully moves pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), that this Honorable Court depart downward from the applicable Guidelines regarding the Defendant, Mohammad Ribhi Farraj. Defendant pleaded guilty on December 8, 2022, to conspiracy to commit wire fraud related to unemployment insurance benefits pursuant to a written plea agreement, wherein the Government agreed to move the Court for a downward departure or reduction in sentence pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35(b), provided that he cooperated and his cooperation was deemed by the Government to provide substantial assistance. The Government now moves the Court for a downward departure pursuant to § 5K1.1[1] based on Defendant's substantial assistance in the prosecution of other individuals.

---

[1] U.S.S.G. § 5K1.1 provides that, upon motion of the Government stating that a defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who committed an offense, the Court may depart from the Guidelines. The Section further provides that the appropriate reduction shall be determined by the Court for reasons that may include, but are not limited to, consideration of the following conduct: (1) the Court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the Government's evaluation of the assistance rendered; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of a Defendant's assistance; (4) any injury suffered, or any danger or risk of injury to a defendant or his family resulting from his assistance; and (5) the timeliness of a defendant's assistance.

2

In support of its Motion, the United States would show the following:

1. After his indictment, Defendant cooperated by admitting his involvement in his crimes and providing information concerning the involvement of his co-defendants.

2. Information provided by Defendant was used in the prosecution of his co-defendants. The Government will provide the Court with additional details serving as the basis for this motion at the sentencing, scheduled for April 25, 2023.

3. The case agent has been consulted and agrees that Defendant has provided sufficient substantial assistance to warrant this motion by the Government.

The Government views the Defendant's cooperation as warranting a departure under the applicable law. Therefore, the Government would move this Court to depart downward from the sentencing range established by the U.S. Sentencing Guidelines.

    Respectfully submitted,

    ADAIR F. BOROUGHS
    UNITED STATES ATTORNEY

    By:   /s/ *Lauren L. Hummel*
        Lauren L. Hummel (#12523)
        Assistant United States Attorney
        401 West Evans Street, Suite 222
        Florence, South Carolina 29501
        843-667-3993
        lauren.hummel@usdoj.gov

April 20, 2023