'AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of South Carolina

UNITED STATES OF AMERICA )
v. ) **JUDGMENT IN A CRIMINAL CASE**
)
) Case Number: 4:22-cr-00140-JD-1
**Mohammad Ribhi Farraj** ) USM Number: 89315-509
)
) **Seth Cole Rose, Retained**
) Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty   To Count 1 of the Superseding Indictment on December 8, 2022, with written plea agreement

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:USC 1343 &1349 | See Superseding Indictment | 07/26/2022 | 1s |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  1-17 of the indictment and 2-17 of the Superseding Indictment    ☒ are dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 25, 2023
Date of Imposition of Judgment

*Joseph Dawson III*
Joseph Dawson, III
United States District Judge

Hon. Joseph Dawson, III, United States District Judge
Name and Title of Judge

4/26/2023
Date

AO 245B (SCDC Rev. 10/20) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT & CASE NUMBER: 4:22-cr-00140-JD-1, Mohammad Ribhi Farraj

# IMPRISONMENT

Having calculated and considered the advisory sentencing guidelines and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), it is the judgment of the Court that the defendant, Mohammad Ribhi Farraj, is hereby sentenced to 10 months, splitting the sentence between five months in the custody of the Bureau of Prisons and serving the remaining five months on home detention in accordance with the special condition No. 3 as stated on the record.

☐ The court makes the following recommendations to the Bureau of Prisons

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☒ as notified by the United States Marshal.

  ☒ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 10/20)  Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT &
CASE NUMBER:    4:22-cr-00591-JD, Mohammad Ribhi Farraj

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall comply with the mandatory conditions of supervision outlined in 18 U.S.C. § 3583(d) and USSG § 5D1.3(a) and the standard (discretionary) conditions outlined in USSG 5D1.3(c) as noted in paragraphs 98 and 100 of the presentence report.

Standard conditions of supervision 1 through 9 and 13 serve the statutory sentencing purposes of public protection and rehabilitation pursuant to 18 U.S.C. § 3553(a)(2)(C) and (D). Standard conditions of supervision 10 and 12 serve the statutory sentencing purpose of public protection pursuant to 18 U.S.C. § 3553(a)(2)(C). Standard condition of supervision 11 ensures that the defendant does not engage in activities that ay potentially conflict with the other conditions of supervision and that may pose risks to the defendant's probation officer. The defendant shall also comply with the following special conditions for the reasons set forth in the presentence report which has previously been adopted by the Court as the finding of facts for the purposes of sentencing:

1.    The defendant shall pay any unpaid restitution at a monthly rate of $200, beginning 30 days after release.  The defendant shall submit financial documents and verification of income to the U.S. Probation Officer as requested.  The Court reserves the right to increase payments based upon any increase in financial status.

2.    The defendant shall not open additional lines of credit without the approval of the U.S. Probation Office.

3.    For the first 8 months of probation, you must be monitored on home detention with location monitoring technology at the discretion of the officer and you must follow the rules and regulations of the location monitoring program.  You must contribute to the cost of such program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services".

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT & CASE NUMBER: 4:22-cr-00140-JD-1, Mohammad Ribhi Farraj

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (SCDC Rev. 10/20)  Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT & CASE NUMBER: 4:22-cr-00140-JD-1, Mohammad Ribhi Farraj

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 604,074.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 1. South Carolina Department of Employment and Workforce: ATTN: Collections Unit | $27,361.00 | $27,361.00 | |
| 2. New York State Department of Labor ATTN: Unemployment Insurance Division | $283,209.00 | $283,209.00 | |
| 3. Florida Department of Economic Opportunity ATTN: Benefit Payment Control | $134,183.00 | $134,183.00 | |
| 4. Arizona Department of Economic Security of Accounts Receivable and Collections | $9,321.00 | $9,321.00 | |
| 5. Small Business Administration | $150,000.00 | $150,000.00 | |
| TOTALS | $ 604,074.00 | $ 604,074.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for    ☐ fine    ☒ restitution.

    ☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (SCDC Rev. 10/20) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT & CASE NUMBER:    4:22-cr-00140-JD-1, Mohammad Ribhi Farraj

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒   Lump sum payment of $<u>100.00, special assess</u>ment, due immediately and $604,074.00 restitution, due immediately,

    ☐ not later than _____ , or
    ☒ in accordance with   ☐ C   ☒ D,   ☐ E, or   ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ installments of __ to commence ___ days after the date of this judgment; or

**D**   ☒   Payment in equal monthly installments of $200.00 to commence 30 days after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several

Case Number   4:22cr140-JD

| Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| **Mohammad Ribhi Farraj (1), Defendant** | $604,074.00 | $454,074.00 | See payee list |
| Nariman Mahmoud Masoud (2) co-defendant | $454,074.00 | $454,074.00 | See payee list |
| Marvet Masoud (3) co-defendant | $454,074.00 | $454,074.00 | See payee list |
| Susan Masoud (4) co-defendant | $454,074.00 | $454,074.00 | See payee list |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
As directed in the Preliminary Order of Forfeiture, filed **4/5/2023** and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:22-cr-00140-JD-1 |
| | ) | |
| v. | ) | |
| | ) | |
| MOHAMMAD RIBHI FARRAJ | ) | |

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO MOHAMMAD RIBHI FARRAJ**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Mohammad Ribhi Farraj, ("Farraj", "Defendant"), based upon the following:

1. On July 26, 2022, a Superseding Indictment ("Indictment") was filed charging Farraj with:

| | |
|---|---|
| Count 1: | Conspiracy to commit wire fraud related to the fraudulent application for, and receipt of, Unemployment Insurance benefits in New York, Florida, and South Carolina, in violation of 18 U.S.C. §§1343 and 1349; |
| Counts 2-11: | Wire fraud related to the fraudulent application for, and receipt of, Unemployment Insurance benefits in New York, Florida, and South Carolina, in violation of 18 U.S.C. §1343; |
| Counts 12-15: | Aggravated identity theft, in violation of 18 U.S.C. §§1028A(a)(1) and 2; |
| Count 16: | Wire fraud related to the fraudulent application for, and receipt of, Small Business Administration Economic Injury Disaster Funds, in violation of 18 U.S.C. § 1343; |
| Count 17: | Money laundering, in violation of 18 U.S.C. § 1957. |

Order, p. 1 of 5

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Farraj's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

> A. <u>Cash Proceeds/Forfeiture Judgment</u>:[1]
>
> A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Superseding Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violations of 18 U.S.C. §§ 1343 and 1349.
>
> B. <u>Real Property</u>:
>
> **203 Highway 301 South**[2]
> **Dillon, South Carolina 29536**
>
> All that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being in the city of Dillon, County of Dillon, State of South Carolina fronting on the West 150 feet on U.S. Hwy. No. 301; and measuring and being bounded as follows, to wit: on the North, measuring 150 feet, more or less, by Hampton Street; on the East, measuring 150 feet by a City Alley; and on the South, measuring 150 feet, more or less, by property owned by Joseph E. Coward and is being conveyed to the Grantee herein simultaneously with this Deed. Reference is made to a Map surveyed for Dilmar Oil Co by M.C. Moody, R.L.S., on August 23, 1982, and recorded in the Office of the Clerk of Court for Dillon County in Plat Book 16 at Page 88. Also, reference is made to a Recombination Survey prepared for Joseph E. Coward and Anthony W. Coward prepared on March 21, 2017, by William E. Hayes, PLS, and recorded in the Office of the Clerk of Court for Dillon County in Plat Book 46 at Page 304.
>
> This is the same property conveyed to Ahmad M. Mustafa and Amjad Abudayya by Deed of Joseph E. Coward dated April 19, 2017 and

---

[1] The government is pursuing a forfeiture judgment against the defendant in the amount of $604,074.00.

[2] The government is not pursuing the forfeiture of the real property located at 203 Highway 301 South, Dillon, SC.

recorded in the Office of the Clerk of Court for Dillon County in Deed Book 606 at Page 130.

Tax Map No.: 059-10-36-001

3. On December 1, 2022, Farraj signed a plea agreement, agreeing to forfeiture, and on December 8, 2022, he entered a plea of guilty as to Count 1 of the Superseding Indictment.

4. Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and the offense for which Farraj has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c). Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violations of Title 18, United States Code, Sections 1343 and 1349 are forfeited to the United States.

5. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Farraj as a result of his violations of Title 18, United States Code, Sections 1343 and 1349, and that such substitute assets shall not exceed the value of the proceeds Defendant Farraj obtained of $604,074.00.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Mohammad Ribhi Farraj, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ENTERED against Mohammad Ribhi Farraj and in favor of the United States in the amount of $604,074.00, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed judgment.

4. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

7.  The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.  The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

April 5, 2023
Florence, South Carolina

Joseph Dawson, III
United States District Judge